UNITED STATES of America,
Plaintiff–Appellee/Cross–
Appellant,

v.

Jeffrey ASKANAZI, M.D. Defendant–
Appellant/Cross–Appellee.

Nos. 99–2009, 99–2089, 99–2205.

United States Court of Appeals,
Sixth Circuit.

July 12, 2001.

Before NORRIS, SILER, and BRIGHT,* Circuit Judges.

PER CURIAM.

Defendant Jeffrey Askanazi appeals his conviction and sentence on multiple counts of mail fraud in violation of 18 U.S.C. § 1341, and the denial of his post-conviction motions for a new trial and a *Remmer* hearing. He raises a number of issues on appeal. The United States cross appeals the sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We AFFIRM.

*Defendant's Appeal*

A. Denial of Post–Conviction Hearing

■ Defendant argues that he was entitled to a post-conviction hearing pursuant to *Remmer v. United States*, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954), to determine whether the jury was improperly tainted by newspaper articles covering the trial and publicizing his increase in income during the time period relevant to the mail fraud charges. However, he does not point to any actual evidence of extrajudi-

cial influence or communication. There was evidence in the record demonstrating the Defendant's substantial increase in income. Indeed, the district court denied the *Remmer* hearing because the defendant "failed to make an independent threshold showing of improper outside influence on this jury." Defendant's argument fails to raise a substantial question that is so integral to the merits of the conviction. *See United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir.1985). Thus we reject Defendant's contention.

B. Denial of Right of Confrontation

■ Defendant also claims the district court erred in restricting cross-examination of government witness, Dr. Mark Fender, a physician who had practiced with the Defendant. Fender's testimony sought to demonstrate the Defendant's practice regarding excessive billings. The government elicited testimony from Fender establishing that Askanazi had directed him to bill for anesthesiological services in Askanazi's name that he did not perform. On cross-examination of Fender, the Defendant attempted to introduce evidence of two cases in which the Defendant was listed as the supervising anesthesiologist but in fact he had not acted in that capacity, arguing in effect that Fender had committed this fraud by billing for these services without Askanazi's knowledge. The district court denied admission of certain exhibits as inadmissible under Fed.R.Evid. 608(b) (specific instances of conduct may not be proved by extrinsic evidence), for failure to lay a proper foundation, and because the admission was likely to confuse and prolong the trial.

Defendant argues that his Sixth Amendment right of confrontation was violated when the district court refused to allow the

---

* The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

introduction of extrinsic evidence offered to establish a witness' bias. This court has applied the *de novo* standard upon an allegation of a Sixth Amendment violation based upon a restriction on cross-examination. *United States v. Lloyd,* 10 F.3d 1197, 1216 (6th Cir.1993) ("Because, here, the evidentiary issues relate to a *claimed* violation of the Sixth Amendment ... we review the district court's rulings de novo.") (emphasis added). Transcripts of the trial indicate that the trial judge believed the documentary evidence was ambiguous and that there was more than one explanation for the document. We find no error in this conclusion. Defense counsel did not argue before the trial court that the documentary evidence was offered to show bias, but, rather, to attack the credibility of Fender who had denied responsibility for submitting fraudulent bills. Moreover, none of the documents related to billings that led to charged counts in the indictment. Two of the four counts based primarily on the testimony of Fender were dismissed. The error, if any, in the ruling amounted to harmless error based on the record in this case.

## C. Denial of Request to Present Surrebuttal Testimony

■ Defendant testified on his own behalf and asserted his good faith as to the services he provided. In rebuttal, the government presented the testimony of a Dr. de Rosayro who reviewed random charts of the Defendant's patients and testified that the Defendant performed multiple inconsistent procedures, performed procedures at an alarming rate, repeated failed procedures, and performed increasingly intrusive procedures. Defendant argues that it was error to allow Dr. de Rosayro's testimony without an opportunity for the Defendant's surrebuttal.

■ Fed.R.Evid. 611(a) gives the trial court discretion to control the mode and order of the presentation of evidence. The scope of rebuttal testimony lies within the discretion of the district court. *United States v. Aloi,* 9 F.3d 438, 440 (6th Cir. 1993); *see also, United States v. Levy,* 904 F.2d 1026, 1031 (6th Cir.1990). We cannot conclude that the district court abused its discretion in permitting Dr. de Rosayro to testify in rebuttal. This evidence served to rebut the Defendant's testimony as to his good faith defense. Further testimony on this issue would have been unduly cumulative. Thus, the district court did not abuse its discretion in denying Defendant's request to present surrebuttal.

## D. Prosecutorial Misconduct

Defendant objects to a closing argument statement of the government, in which the government told the jury that Defendant's anticipated expert consultant had in fact testified on behalf of the government. In fact, the Defendant mentioned Dr. Saberski not in his opening statement but during voir dire. Defendant further contends that the government committed prosecutorial misconduct by allegedly concealing exculpatory information and producing false testimony about whether a procedure was performed on David Mumford, a trial witness. Defendant failed to object to the testimony he claims resulted in prosecutorial misconduct, thus this court reviews for plain error. *United States v. Wiedyk,* 71 F.3d 602, 609–610 (6th Cir.1995) (concluding that complained-of conduct will not rise to reversible error, notably if it is not flagrant, where proof of guilt is overwhelming, where counsel does not object and/or where the trial judge steps in and admonishes the jury). We conclude that these errors were harmless in light of all of the evidence.

## E. Denial of Motion for a New Trial

■ We also conclude that the district court did not err by denying Defendant's

motion for a new trial, without a hearing, on the basis of alleged violations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). A *Brady* claim may arise when the government has introduced trial testimony which was known to be, or should have been recognized as, perjury; when the government has not honored a defense request for specific exculpatory evidence; or when the government has not volunteered exculpatory evidence not requested by the defense, or requested only generally. *United States v. Frost*, 125 F.3d 346, 382 (6th Cir.1997) (citing *Kyles v. Whitley*, 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490). We conclude that all of Defendant's *Brady* claims are without merit and, thus, the district court did not abuse its discretion by refusing to hold a hearing on the motion for a new trial.

*Government's Appeal*

A. Denial of Enhancement for Conscious or Reckless Risk of Serious Bodily Injury

 The government maintains that the district court erred in refusing to apply U.S.S.G. § 2F1.1(b)(6)(A)[1] (enhancement for conscious or reckless risk of serious bodily injury). The district court refused to enhance under this provision because it believed "there was no demonstration that there was an intent to harm anyone." "The sentencing court's factual findings in relation to application of the Sentencing Guidelines are subject to the deferential 'clearly erroneous' standard of review. Legal conclusions are reviewed de novo." *United States v. Hurst*, 228 F.3d 751, 756 (6th Cir.2000) (citing *United States v. Latouf*, 132 F.3d 320, 331 (6th Cir.1997), *cert. denied*, 523 U.S. 1101, 118 S.Ct. 1572, 140

L.Ed.2d 805 (1998)). We cannot conclude that the district court abused its discretion in refusing to enhance under this guideline.

B. Denial of Enhancement for Use of a Special Skill or Abuse of a Position of Trust

 The government argues that the district court erred in refusing to enhance under U.S.S.G. § 3B1.3, because Defendant qualified under its "abuse of trust" or "special skill" prong. The district court determined this enhancement was inapplicable because Defendant had a contractual relationship with the defrauded insurer and was not a fiduciary who had violated any trust. We determine that this conclusion was not clearly erroneous. The district court did not analyze whether the enhancement was proper under the "special skill" prong, and the United States did not argue in district court that it objected to the Presentence Investigation Report with regard to special skill. In examining the record, we determine that the government waived its right to a "special skill" enhancement before the district court. Thus we reject the government's appeal on this issue.

C. Loss Calculation

The government argues that the district court erred in reducing the Presentence Investigation Report's loss calculation by 20% because it was already significantly reduced due to missing medical or billing records. The district court discussed its reduction at length, explaining that it believed a precise calculation was impossible and was wary of the precision of the statistical method, especially extrapolation, used to arrive at the suggested loss amount. We find no error in this conclusion.

Having had the benefit of oral argument, and having carefully considered the

---

1. Now codified in the U.S. Sentencing Guidelines Manual as § 2F1.1(b)(7)(A) (2000).

record on appeal, the briefs of the parties, and the applicable law, we are not persuaded that the district court erred in sentencing. The sentence imposed here of 36 months was within the applicable guideline range of 30 to 37 months. Therefore the sentence shall stand.

Accordingly, the judgment of the district court is AFFIRMED in all respects.